**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**


Lynne E. Halstead,                                          Case No. 3:16CV2685

        Plaintiff

        v.                                                        **ORDER**

Commissioner of Social Security,

        Defendant


This is a Social Security case in which the plaintiff, Lynne Halstead, appeals the Commissioner's decision denying her application for benefits.

An administrative law judge determined that plaintiff, though suffering from severe impairments like cervical-spine degenerative disc disease, essential tremors, and seizure disorder, was not "disabled" for purposes of the applicable Social Security regulations. (Doc. 11 at 21). This was so, the ALJ found, because plaintiff retained the residual functional capacity to perform "light work," such as working as a carwash attendant, a storage facility rental clerk, or a routing clerk, and that a sufficient number of such jobs existed in the national economy. (*Id.* at 24–25, 30).

Pending is Magistrate Judge Knepp's Report and Recommendation (Doc. 18), which recommends that I affirm the Commissioner's decision.

As relevant here, the Magistrate Judge concluded that the ALJ gave good reasons for according only partial weight to the opinion of plaintiff's treating neurologist, Ahmad Anouti. (*Id.* at 12–17). Anouti, who treated plaintiff for two years, prepared two treatment notes indicating,

without further explanation or elaboration, that plaintiff "can work parttime [*sic*], no work at heights or with heavy machines or under extremes of temperature or stressful environment." (Doc. 11 at 508, 511). The ALJ declined to give the opinion controlling weight because "[t]he medical evidence of record does not support a restriction to part time employment." (*Id.* at 28). But the ALJ did accept Dr. Anouti's conclusion that plaintiff could not work at heights, around machinery, and at fast-paced, stressful production rates. (*Id.*).

Magistrate Judge Knepp found that the ALJ's handling of Dr. Anouti's opinion provided no basis for overturning the Commissioner's decision.

The Magistrate Judge first ruled that Anouti's part-time-work limitation was not a "medical opinion" at all; it was, rather, a legal opinion on an issue that was reserved to the Commissioner. (Doc. 18 at 15–16). In the alternative, the Magistrate Judge concluded that the ALJ adequately explained why the record did not support a limitation to part-time work. (*Id.* at 17).

Plaintiff has objected to the R&R. (Doc. 20). He argues that the Magistrate Judge: 1) offered an impermissible post-hoc rationalization for the ALJ's decision when he concluded that Dr. Anouti's statement touched on an issue reserved to the Commissioner; and 2) "glossed over" the ALJ's failure to provide good reasons for not giving controlling weight to Dr. Anouti's opinion (*id.* at 5–7).

Having undertaken a de novo review of the R&R, I agree that the ALJ gave good reasons for not crediting Dr. Anouti's statement that plaintiff could perform only part-time work.

Because Anouti was a treating source, the ALJ needed to give his opinion "controlling weight if it [wa]s well-supported by medically acceptable clinical and laboratory diagnostic techniques and

[wa]s not inconsistent with the other substantial evidence in [the] record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (internal quotation marks omitted).

When, as was the case here, the ALJ "declines to give a treating source's opinion controlling weight, he must . . . balance the following factors to determine what weight to give it: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." *Id.* (internal quotation marks omitted).

Here, the ALJ's key finding – the "good reason" that the regulations required – was that "[t]he medical evidence of record does not support a restriction to part time work." (Doc. 11 at 28).

That finding explained not only why the ALJ did not accord the opinion controlling weight – Dr. Anouti's opinion was, in the language of the relevant regulation, "inconsistent with other substantial evidence in [the] record." *Cole*, *supra*, 661 F.3d at 937. It also explained why the ALJ could reasonably afford it only partial weight. *See id.* (ALJ must consider "the consistency of the opinion with the record as a whole" in deciding how much weight to afford a treating source's opinion).

On this point, it is worth emphasizing that plaintiff's objection does not cite a single piece of evidence to support the part-time limitation that Dr. Anouti imposed. (Doc. 20 at 1–9). That stands in marked contrast to the Magistrate Judge's thorough recounting of the evidence (Doc. 18 at 17–18) – not to mention the ALJ's own comprehensive summary (Doc. 11 at 22–28) – that was inconsistent with Dr. Anouti's proposed limitation. A snapshot of that evidence indicates, *inter alia*, that:

- Even Dr. Anouti noted, in August, 2013, that plaintiff's medication lessened the severity of his tremors, and that he retained normal strength and range of motion;

- Dr. Anouti observed in February, 2015, that plaintiff was independent in his daily activities;

- Multiple treatment providers determined that plaintiff's physical examinations were normal, save for a left-arm twitch; and

- Other medical sources who weighed in on plaintiff's case did not limit him to part-time work.

(*Id.* at 18).

Finally, plaintiff testified that, despite experiencing occasional tremors or seizures in his arms, he could use his hands and arms without limitation and, further, that the tremors ordinarily did not bother him. (Doc. 11 at 56–57, 64).

To be sure, the ALJ's discussion of Dr. Anouti's opinion was not as thorough or as procedurally tidy as it might have been. The ALJ could have expressly stated that Anouti was a treating source, and the ALJ could have conducted a factor-by-factor analysis in deciding what weight, if not controlling weight, his opinion deserved.

But the ALJ's decision was as well-supported by substantial evidence and good reasons as it needed to be. In the end, as the ALJ's painstaking discussion of the medical evidence shows, the record simply does not support Anouti's opinion that plaintiff could perform only part-time work.

It is, therefore,

ORDERED THAT:

1.   Plaintiff's objection (Doc. 20) to the Magistrate Judge's Report and Recommendation be, and the same hereby is, overruled;

2.   The Report and Recommendation (Doc. 18) be, and the same hereby is, adopted as the order of the court; and

4

3.	The Commissioner's decision be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge
